Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3533 | **DATE** | 11/1/2012 |
| **CASE TITLE** | McGraw vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Plaintiff's application for leave to proceed in forma pauperis (#4) is denied. Plaintiff's motion for appointment of counsel (#5) is denied. Defendant's motion to dismiss (#16) is granted. All federal claims are dismissed with prejudice. The claim for intentional infliction of emotional distress is dismissed for lack of jurisdiction. The case is terminated.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Zachary McGraw, *pro se*, filed this multi-count employment discrimination case alleging that the City of Chicago discriminated against him based on political affiliation, age, disability, and race. He also alleges that the City retaliated against him because he exercised protected rights and, under Illinois common law, that the City intentionally inflicted emotional distress upon him. The complaint alleges that McGraw was at one time employed by the City, is no longer employed, and was discriminated against on or about May 5, 2011. McGraw filed a charge with the Illinois Human Rights Commission (IHRC) on February 1, 2012; a notice of right to sue issued April 16, 2012; this case was timely filed within 90 days of the notice, on May 9, 2012.

The City has moved to dismiss. It cites to three other lawsuits McGraw has filed concerning his application for re-employment with the City.[1] *See* Case Nos. 07 CV 414, 07 CV 5293, and 09 CV 5043. In Case No. 07 CV 414, McGraw complained that he applied for a painter position in August 2005 and June of 2006, was not hired, but the City had hired 56 painters, from which number he asked the court to infer that the failure to hire him was based on retaliation for a previous race discrimination case (or charge) he had filed. Eventually, McGraw moved for voluntary dismissal and the case was dismissed on May 29, 2008. In Case No. 07 CV 5293, McGraw alleged race discrimination on June 4, 1997 and November 20, 1998, when he was denied employment by the City. This case was dismissed as time-barred and because it was an improper refiling of Case No. 01-CV-9575. *See* Dkt. No. 6. In Case No. 09 CV 5043, McGraw alleged that he was discriminated against on June 26, 2007 when he was not hired as a painter. His narrative in the complaint recited that he had applied on seven different occasions from 1997 through 2007 and was not hired, even though the City had hired 81 to100 painters. This case was dismissed on a variety of grounds, including untimeliness, failure to exhaust administrative remedies, preemption, and frivolousness. *See* Dkt. Nos. 33, 56, 60.

| STATEMENT |
|---|

The case before this court is yet another effort by McGraw to relitigate his inability to obtain the painter position he wants. Although each time he applies for a position, he has the potential to claim discrimination for that discrete act of non-hire, the complaint does not allege any conduct of the City occurring on May 5, 2011 that would suggest that it might have violated his rights on that date as he alleges. (Dkt. No. 1, Complaint, ¶ 6.)[2] Moreover, the charge McGraw filed with the IHRC, which is the basis on which he can proceed with this case, reveals that McGraw's claim of discrimination stems from an application he made on June 26, 2007. This application was the subject of Case No. 09 CV 5043.

In short, the records of this court make plain that plaintiff is attempting to relitigate a case already decided against him, a path foreclosed by the doctrine of *res judicata*, sometimes called claim preclusion. *See Golden* v. *Barenborg*, 53 F.3d 866, 869 (7th Cir. 1995) ("For res judicata to apply in federal court three requirements must be met: (1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits [in the previously filed case]."). All of the requirements for the application of the doctrine apply here, and for this reason, this case must be dismissed.

---

1. The City also refers to Case No. 01 CV 9575. This case, however, related to denial of promotion to painter from custodian during a period before the City terminated his employment altogether. The docket indicates that the case was settled.

2. In paragraph 12 of his response to the motion to dismiss, McGraw concedes that he did not apply in 2011. (Response, Dkt. No. 19 ¶ 12.) Indeed, McGraw's responses (and pleadings) in each of his cases contain a lengthy narrative of the reasons he believes motivated the City's actions against him. There are no new facts in the pending complaint that would suggest a viable basis for a First Amendment or other claim that McGraw has not previously and repeatedly iterated.